# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MONWELL DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   2:11-cv-179-WTL-DKL |
| | ) |
| REGISTERED NURSE KIM HOBSON, | ) |
| Employed by Correctional Medical | ) |
| Services, et al., | ) |
| | ) |
| Defendants. | ) |

## Entry Discussing Motion for Summary Judgment

Monwell Douglas brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his serious medical needs. Correctional Officer Norma Weinke moves for summary judgment, arguing that Douglas failed to exhaust available administrative remedies with respect to the claim against her.

## Standard of Review

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a

scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. *Moore v. Philip Morris Co.,* 8 F.3d 335, 340 (6th Cir. 1993); *see also Anderson,* 477 U.S. at 249–50. "[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris,* 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962) (internal mark omitted).

## Discussion

### *The Exhaustion Requirement*

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted). "In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

### *Douglas' Claim*

The grievance program in place at WVCF allows prisoners to grieve matters that involve actions of individual staff. The grievance process at WVCF includes an attempt to resolve the complaint informally, as well as two formal steps—a formal written grievance ("Level I"), and then an appeal of the response to the level one grievance ("Level II"). On or about March 10, 2011, Douglas filed a Level I grievance complaining about Weinke's actions. On or about March 28, 2011, Douglas' Level I grievance was denied. Based on the grievance policy, Douglas had 10 working days—until March 28, 2011—to file his appeal. An appeal form was sent to Douglas at the wrong location on June 10, 2011. Douglas did not file a Level II Appeal to the agency level.

If Douglas had attempted to obtain an appeal form within the time frame and did not receive one, it may be true that he was thwarted in his attempt to exhaust available administrative remedies; this would satisfy the exhaustion requirement.

*Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006) ("[W]hen prison officials fail to provide inmates with the forms necessary to file an administrative grievance, administrative remedies are not "available.")(internal citation omitted). But Douglas alleges that an appeal form was sent to him at the wrong location on June 10, 2011, more than two months after he received the denial of his grievance. This is well beyond the 10-day period required by the grievance process. There is no evidence that Douglas requested an appeal form or otherwise attempted to appeal in a timely manner. Douglas therefore failed to properly exhaust his available administrative remedies as to his claim against Correctional Officer Norma Weinke.

## Conclusion

To exhaust available administrative remedies, a prisoner must abide by the rules and timelines required by the prison. This includes the filing of a timely appeal of a decision on a grievance where there is a prescribed level for an appeal. Douglas did not file a timely appeal and has not shown that he was thwarted in doing so. Accordingly, Officer Weinke's motion for summary judgment [60] must be **granted**.

No partial final judgment shall issue as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 07/13/2012

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

All Electronically Registered Counsel

Monwell Douglas
DOC #150812
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838